**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Terence Crawley</u>

    v.                                                                                  Case No. 22-cv-58-SM

<u>Warden, FCI Berlin</u>

## Report and Recommendation

Terrence Crawley, who is proceeding pro se and is incarcerated at FCI Berlin, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging his sentence as a career offender. Crawley contends that this court has jurisdiction to consider his petition pursuant to the savings clause, 28 U.S.C. § 2255(e). The Warden moves to dismiss on the ground that jurisdiction is lacking because § 2255(e) does not apply in this case.

## Standard of Review

Generally, petitions under § 2241 are limited to challenges to the execution of the petitioner's sentence and cannot be used to challenge the validity of his sentence. <u>United States v. Barrett</u>, 178 F.3d 34, 43 (1st Cir. 1999); <u>Dinkins v. Boncher</u>, 21-cv-11847-AK, 2022 WL 3021108, at *2 (D. Mass. July 29, 2022). An exception is provided by the savings clause, § 2255(e), that allows a petitioner to challenge the validity of his sentence under § 2241 when the remedies provided by § 2255 are "inadequate or ineffective." <u>Barrett</u>, 178 F.3d at 50 (quoting §

2255(e)). The savings clause exception, however, is reserved for cases where a failure to consider the petition because of the statutory restrictions would cause a "complete miscarriage of justice." Trenkler v. United States, 536 F.3d 85, 99 (1st Cir. 2008).

Because it is reserved for exceptional circumstances, the savings clause does not apply merely because the petitioner is unable to file a second or successive petition under § 2255. Id. at 98-99. The savings clause may apply when the Supreme Court has issued a decision that announces a new interpretation of a statute, overturning existing precedent, so that the petitioner is no longer guilty of the crime of conviction. Sustache-Rivera v. United States, 221 F.3d 8, 16 (1st Cir. 2000). Another exceptional circumstance that would invoke the savings clause occurs when the petitioner can prove that he is actually innocent of the crime of conviction based on newly discovered evidence. Trenkler, 536 F.3d at 99.

## Background

In 2011, Terence Crawley pled guilty to brandishing weapons and robbing a bank in Tennessee. United States v. Crawley, 526 F. App'x 551, 553 (6th Cir. 2013). He alleges that his prior convictions for carjacking and first degree assault were used as predicate offenses, crimes of violence, to support an enhanced sentence as a career offender under the United States Sentencing

Guidelines, § 4B1.1(b).[1] Doc. no. 1, at 2. Crawley was sentenced as a career offender to 272 months in prison. Crawley, 526 F. App'x at 556. His conviction and sentence were affirmed on appeal. Id. at 559.

Crawley filed a petition under § 2255 to vacate or correct his sentence on the ground that he no longer qualified as a career offender in light of the holding in Johnson v. United States, 576 U.S. 591 (2015).[2] The court granted the government's motion to dismiss based on Beckles v. United States, 137 S. Ct. 886 (2017), which held that the statutory vagueness challenge in Johnson did not apply to the career offender guidelines. Crawley v. United States, 16-cv-150 (E.D. Tenn. Jan. 17, 2019). The petition was dismissed with prejudice.

Several months later Crawley, then proceeding pro se, moved for reconsideration of his petition, which was denied. Crawley

---

[1] In his § 2255 petition, United States v. Crawley, 10-cr-05-TRM-SKL-2 (E.D. Tenn. May 23, 2016) (motion to vacate sentence, refiled in Crawley v. United States, 16-cv-150-TRM-SKL (E.D. Tenn. May 23, 2016), Crawley represented that the first degree assault conviction was in 2002 in New York and that the carjacking conviction was in 2002 in Maryland. In his § 2241 petition here, however, he states that both convictions were in Maryland. Doc. no. 1, at 2. For purposes of this report and recommendation, the jurisdictions of the convictions are not material.

[2] At the outset, Crawley was represented by the Assistant Federal Public Defender, not counsel who represented him at trial and on direct appeal. The Johnson issue raised in the petition is different from the issue raised here.

continued to make filings in that case seeking relief under Federal Rules of Civil Procedure 54 and 60, among other things. Crawley then filed a motion in the Sixth Circuit Court of Appeals to file a second or successive § 2255 petition which was denied. Id. (E.D. Tenn. Nov. 1, 2022). Crawley filed the § 2241 petition in this court while the proceedings before the Sixth Circuit were pending.

### Discussion

In his § 2241 petition, Crawley asserts that he has not had a "reasonable opportunity" to present claims under § 2255 to challenge his career offender sentence and seeks to proceed under the savings clause, § 2255(e).[3] He contends that he was wrongly sentenced as a career offender because the predicate offenses do not qualify him for that status and he is actually innocent of being a career offender. The government moves to dismiss the petition for lack of jurisdiction.

A. New Supreme Court Statutory Interpretation

Crawley does not raise a new statutory interpretation by the Supreme Court that overturned precedent with the result that he is no longer guilty of the crime of conviction. Instead,

---

[3] The correct standard is whether the remedies under § 2255 are "inadequate or ineffective." § 2255(e). Crawley took the "reasonable opportunity" language from Barrett, 178 F.3d at 51, where the court was summarizing a Seventh Circuit case stating the function of § 2255, not the standard for § 2255(e).

Crawley cites Borden v. United States, 141 S. Ct. 1817 (2021), to show that the Supreme Court ruled, as had been held previously by the Sixth Circuit in United States v. McMurray, 653 F.3d 367, 375 (6th Cir. 2011), that a predicate offense under the Armed Career Criminal Act requires more than reckless conduct. Crawley argues that under McMurray and now Borden his career offender sentence is illegal because the predicate offenses could be based on reckless conduct. He contends that he did not have a reasonable opportunity to raise that issue because his counsel did not challenge his sentence on that basis on appeal.

As such, Crawley cites Borden to show that his career offender sentence was illegal when it was imposed and continues to be illegal now. He does not claim or show a change in the law that would support jurisdiction under § 2255(e).

B. Actual Innocence

Crawley also contends that § 2255(e) jurisdiction exists because he is actually innocent of being a career offender, based on Borden and McMurray. The First Circuit has not addressed the issue of whether a claim of actual innocence pertains to sentencing for purposes of the savings clause, § 2255(e), but district courts in the First Circuit, including this court, have not allowed that theory to satisfy the savings clause. See, e.g., Eccleston v. Spaulding, 546 F. Supp.3d 82, 89

(D. Mass. 2021); Bailey v. Warden, No. 20-cv-540-JL, 2020 WL 5898790, at *4 (D.N.H. Sept. 21, 2020). Other circuit courts, however, have come to different conclusions. Jones v. Hendrix, 4 F.4th 683, 686-87 (8th Cir. 2021) (cert. granted Jones v. Hendrix, 142 S. Ct. 2706 (May 16, 2022); see also, e.g.; Allen v. Ives, 950 F.3d 1184, 1190-91 (9th Cir. 2020); Wright v. Spaulding, 939 F.3d 695, 705 (6th Cir. 2019); Lester v. Flournoy, 909 F.3d 708, 712-15 (4th Cir. 2018); McDowell v. Warden, 694 F. App'x 693, 694-95 (11th Cir. 2017); Kinder v. Purdy, 222 F.3d 209, 213-14 (5th Cir. 2000).

Courts that have considered claims of actual innocence of career offender status in sentencing for purposes of the savings clause require the petitioner to satisfy certain elements, such as:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Chappelle v. Warden, No. 7:21-CV-00197, 2022 WL 1645141, at *7 (W.D. Va. May 24, 2022) (citing Lester, 909 F.3d at 712; United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018)); see also Jean v. Ciolli, No. 21 C 50020, 2022 WL 17718357, at *4 (N.D.

6

Ill. Dec. 15, 2022) (applying Seventh and Eleventh Circuit standards); Kipp v. Rardin, No. CV2000167TUCRMJR, 2022 WL 14963883, at *4-5 (D. Ariz. Sept. 28, 2022), report and recommendation adopted, No. CV-20-00167-TUC-RM, 2022 WL 14813732 (D. Ariz. Oct. 26, 2022) (applying Ninth Circuit standard). The standards used require the petitioner to show that the claim is based on a change in the law since sentencing that renders the petitioner's sentence erroneous under the new legal standard. See Allen, 950 F.3d at 1191; Wheeler, 886 F.3d at 429; Jean, 2022 WL 17718357, at *3. Because of the circuit split, the Supreme Court has granted certiorari on the issue. Jones v. Hendrix, 142 S. Ct. 2706 (May 16, 2022).

Even if the court were to follow the law from another circuit that would consider a savings clause claim in this context, Crawley has not shown that the circumstances here would support jurisdiction. As Crawley states, the law in the Sixth Circuit when he was sentenced was that the mens rea of a predicate offense for career offender status must be more than recklessness. See McMurray, 653 F.3d at 374-75. He also agrees that the Supreme Court's decision in Borden affirmed the holding in McMurray and, therefore, did not change the statutory interpretation that existed at the time of his sentencing. See Borden, 141 S. Ct. at 1825. As a result, Crawley cannot show

that § 2255 was "inadequate or ineffective" to challenge his sentence. Wright, 939 F.3d at 706.

Therefore, Crawley has not shown that jurisdiction exists under § 2255(e) to challenge his career offender sentence.

### C. Other Grounds for Jurisdiction under § 2255(e)

Crawley argues that he lacks a reasonable opportunity to raise his sentencing claim under § 2255 based on Sixth Circuit precedent, Hueso v. Barnhart, 948 F.3d 324 (6th Cir. 2020), which bars him from bringing a second or successive petition because the holding in Bolden is not a new constitutional ruling. As is discussed above, Bolden did not provide a new rule for Crawley's sentencing because the holding in McMurray also precluded use of predicate convictions based on a mens rea of recklessness. Therefore, his theory does not support § 2241(e) jurisdiction.

To the extent that Crawley argues he was unable to raise an ineffective assistance of counsel claim under § 2255, he is mistaken. Claims for ineffective assistance of counsel may be raised in a § 2255 petition. Massaro v. United States, 538 U.S. 500, 509 (2003). Crawley's failure to do so does not show that § 2255 was ineffective or inadequate to raise that claim as is necessary for jurisdiction under § 2255(e). See, e.g., Trenkler, 536 F.3d at 98-99; Copeland v. Hemingway, 36 F. App'x 793, 795 (6th Cir. 2002); Ochoa v. Entzel, No. 18-cv-16, 2020 WL 8484736,

8

at *5 (N.D. W.Va. Aug. 17, 2020); Seawood v. Terris, No. 2:17-cv-12367, 2018 WL 11025543, at *2 (E.D. Mich. May 30, 2018).

Crawley also challenges the validity of his underlying conviction for carjacking and argues that the carjacking conviction should not have been considered a predicate offense for purposes of career offender status. Crawley cannot attack the validity of a predicate state-court conviction, used to enhance his sentence, at sentencing or in a collateral proceeding after judgment. Daniels v. United States, 532 U.S. 374, 382-83 (2001). Therefore, Crawley's claims challenging the carjacking conviction are not cognizable here.

Because Crawley raises no grounds to support jurisdiction under the savings clause, § 2255(e), his habeas petition should be dismissed.

## Conclusion

For the for going reasons, the district court should grant the warden's motion to dismiss (document no. 9).

Any objections to this Report and Recommendation must be filed within **fourteen days** of receipt of this notice. See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Only those issues raised in the objection to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Natl Ins. Co., 617 F.3d

554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

                                                                      _____
                                                                      Andrea K. Johnstone
                                                                      United States Magistrate Judge

January 17, 2023

cc:   Terence Crawley, pro se
       Seth R. Aframe, AUSA